**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QIANG GUO, | No.   20-71094 |
| Petitioner, | Agency No. A208-228-080 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2021**
Honolulu, Hawaii

Before:  NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

Qiang Guo, a native and citizen of China, petitions for review of a Board of

Immigration Appeals ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum and withholding of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal.[1]  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

"In reviewing an adverse credibility determination, we consider 'the reasons explicitly identified by the BIA, and the reasoning articulated in the IJ's decision in support of those reasons.'" *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020) (cleaned up) (quoting *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014)). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Id.*

In upholding the IJ's adverse credibility determination, the BIA relied on relevant factors, including the "consistency" and "inherent plausibility" of Guo's account.  8 U.S.C. § 1158(b)(1)(B)(iii).  Guo testified inconsistently about whether he and his wife would have to violate the one-child law again before family planning officials would force his wife to get an IUD and about the date that his brother, who had a similar asylum claim, was married.  Guo provided "not entirely logical" testimony about his continued fear of repercussions in China given his acknowledgment that China had modified the law to allow families to have a second child.  These inconsistencies and improbabilities were not "mere trivial error[s]," *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010), but rather were

---

[1] The BIA also dismissed Guo's appeal from the IJ's decision denying protection under the Convention Against Torture, but Guo does not seek review of that decision.

important details about the events giving rise to his claim for relief. Although Guo argues that there are plausible reasons for the discrepancies that do not undermine his credibility, the IJ considered those explanations and was not required to accept them. *See Jiang v. Holder*, 754 F.3d 733, 739 (9th Cir. 2014) ("[T]o overturn an IJ's adverse credibility determination, we must find that 'the evidence not only *supports* a contrary conclusion, but *compels* it.'" (cleaned up) (quoting *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011))).

**PETITION DENIED.**